UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINNEY,<br><br>        Plaintiff,<br><br>   v.<br><br>TANI G. CANTIL-SAKAUYE, et al.,<br><br>        Defendants. | Case No. 17-cv-01607-DMR<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

On March 24, 2017, Pro se Plaintiff Charles Kinney filed this lawsuit naming Defendants Chief Justice Tani G. Cantil-Sakauye, the Honorable Mariano-Florentino Cuéllar, the Honorable Carol A. Corrigan, the Honorable Goodwin H. Liu, the Honorable Leondra R. Kruger, the Honorable Kathryn M. Werdegar, the Honorable Ming W. Chin (collectively "California Supreme Court Defendants"), former Presiding Justice Roger W. Boren of the California Court of Appeal, Second Appellate District, Division 2, Associate Justice Judith Ashmann-Gerst, Associate Justice Victoria M. Chavez, and Associate Justice Brian M. Hoffstadt (collectively "California Court of Appeal Defendants") (all defendants collectively referred to as "Judicial Defendants"). [Docket No. 1.]. Mr. Kinney also filed a motion for permission to participate in electronic case filing. [Docket No. 6]. Mr. Kinney has now filed a verified First Amended Complaint which contains substantially similar allegations. *See* First Amended Complaint ("FAC") [Docket No. 7].

According to his FAC, Mr. Kinney is a disbarred California attorney who has been declared a vexatious litigant pursuant to California's vexatious litigant statute, Cal. Code. Civ. Pro. § 391 *et seq*. Mr. Kinney seeks to challenge that statute on the grounds that it is unconstitutionally vague on its face and as applied to him. To that end, Mr. Kinney brings this action against the Judicial Defendants, alleging that they deprived him of his federal constitutional rights by issuing three adverse orders against him as a vexatious litigant in his state court

proceedings. Those three orders are (1) an October 12, 2016 order issued by former Presiding Justice Boren requiring Mr. Kinney to post a $175,000.00 security as a condition to proceeding with his state court appeal; (2) a December 12, 2016 order dismissing his state court appeal for failure to post the $175,000.00 security as ordered by the California Court of Appeal Defendants; and (3) a February 22, 2017 *en banc* order denying Mr. Kinney's petition for review by the California Supreme Court Defendants.

Having reviewed the FAC, it appears that the Judicial Defendants may be entitled to judicial immunity. The allegations in the FAC make clear that Mr. Kinney is suing the Judicial Defendants for acts committed in their capacity as judges. These are acts for which the Judicial Defendants are entitled to absolute immunity from suit. *See, e.g., Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("Judges are absolutely immune from civil liability for damages for their judicial acts."); *Ashelman v. Pope*, 793 F.2d 1072, 1075, 1078 (9th Cir. 1986) (setting forth the factors to consider when determining whether a given action is judicial in nature including whether "'it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his [or her] judicial capacity,'" and explaining that judicial immunity applies as long as "the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction") (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).

Mr. Kinney attempts to plead an exception to judicial immunity by alleging throughout the FAC that the Judicial Defendants acted in the "complete absence of subject matter jurisdiction." *See Mullis*, 828 F.2d at 1389. These allegations are conclusory. *See, e.g.*, FAC, ¶ 3 (alleging that Boren "was acting in the complete absence of all subject matter jurisdiction over 'represented' appellant Kinney" in issuing the October 12, 2016 order requiring Kinney to post a $175,000.00 security); *see also Jackson v. County of Nassau*, No. 15-CV-7218(SJF)(AKT), 2016 WL 1452394, at *6 (E.D.N.Y. Apr. 13, 2016), adhered to on reconsideration, No. 15-CV-7218(SJF)(AKT), 2016 WL 3093897 (E.D.N.Y. June 1, 2016) (explaining that a plaintiff's "conclusory allegations" were insufficient to overcome a judicial defendant's absolute judicial immunity).

Moreover, the allegations in the complaint do not support the conclusory statement that the

Judicial Defendants acted in the "clear lack of all subject matter jurisdiction."  For example, Mr. Kinney alleges that the California Court of Appeal Defendants acted in "complete absence of all subject matter jurisdiction" in dismissing his appeal for failure to pay the $175,000.00 security because they "knew and understood" that California law did not permit a court to order a represented party to post a security.  *See* FAC, ¶ 6; *see also* FAC, ¶ 8 (similar allegations for California Supreme Court Defendants).  Such an allegation does not establish that the Defendants acted in the absence of subject matter jurisdiction.  Rather, the allegation illustrates that the Mr. Kinney is complaining about judicial acts taken by the Judicial Defendants with which he takes issue and claims are in error.  Judicial acts, even when made in error, do not deprive judicial officers of immunity.  *See Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir.1999) (explaining that "[a] judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority").

Additionally, while not entirely clear, it appears that Mr. Kinney may be attempting to re-litigate issues already raised and decided in his state court proceedings, including the issue of whether California law authorizes the imposition of security against  a "'represented' appellant and/or against a non-party, non-joined business partner."  *See* FAC, ¶ 8; *see also* FAC, ¶¶ 9-46 (listing alleged errors of law in his state court appeal).  If so, Mr. Kinney may be precluded from doing so under the doctrine of collateral estoppel.  *See White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) ("In determining the preclusive effect of . . .  a state court judgment, [federal courts] follow the state's rules of preclusion."); *see also Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896, 51 P.3d 297, 301 (2002) ("Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.'") (quoting *Lucido v. Superior Court*, 51 Cal. 3d 335, 341, 795 P.2d 1223, 1225 (1990)).

Finally, while not clear, it appears that Mr. Kinney may be arguing that he suffered harm as a result of the three state court orders and that he seeks relief from those state court orders.  For example, Mr. Kinney complains that he "suffered and will continue to suffer irreparable harm" including, but not limited to, the deprivation of his federal rights, as a result of the three state court orders "[u]nless the conduct of the defendants, and each of them, is restrained, prohibited and/or

reversed." FAC, ¶ 68.  To the extent that the gravamen of Mr. Kinney's action is to enjoin and/or reverse the three state court orders, Mr. Kinney's action may be a "de facto appeal" of the state court judgment subject to dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (explaining that the "*Rooker–Feldman* [doctrine] prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."); *Noel v. Hall*, 341 F.3d 1148, 1163-64 (9th Cir. 2003) (explaining what constitutes a "forbidden de facto appeal" and clarifying that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court").

In light of the above, the court ORDERS Mr. Kinney to show cause in writing by **July 7, 2017** and explain why this case should not be dismissed on the basis of judicial immunity, collateral estoppel, and the *Rooker-Feldman* doctrine.  Failure to respond by **July 7, 2017** may result in dismissal of this action for failure to comply with the court's order.  The court will rule on Mr. Kinney's request to participate in electronic filing after Mr. Kinney shows cause.

**IT IS SO ORDERED.**

Dated: June 22, 2017



Donna M. Ryu
United States Magistrate Judge

4